[Civ. No. 5385. First Appellate District, Division Two.—December 21, 1927.]

IRVEN PAUL, Appellant, v. A. S. SALISIAN et al., Respondents.

K. Ohanian and Percy Church for Appellant.

Carl E. Lindsay and K. Kuyumjian for Respondents.

NOURSE, J.—Plaintiff sued to recover $2,779 purchase money paid defendants under a written contract for the sale of a quantity of raisins. Judgment went for plaintiff in the sum of $1,000, from which he appeals on a typewritten record.

The complaint was framed in two counts—one to recover for breach of warranty of title and of quality and the other a common count for money had and received. It was alleged that on February 20, 1924, the parties executed a written agreement for the sale of approximately fifty-five tons of raisins at 3¾ cents a pound, which defendants represented to be their sole property and to be in good and merchantable condition; that the raisins were delivered to the Foley packing-house on February 24th and 25th in a spoiled, deteriorated, and wet condition; that plaintiff immediately notified defendants in writing of the condition of the raisins, that the same were rejected and held by the packing-house subject to defendants' disposal; that after the rejection of the raisins they were taken from the packing-house by the Sun-Maid Raisin Growers Association under claim of paramount title. In the answer it was denied that any representations as to title or quality were made to plaintiff, and in this connection it was alleged that, prior to the sale, the raisins had been under contract to the raisin association, but that the association had released them and consented to this sale; that, after the delivery to plaintiff, the association took possession of the raisins at the instigation of plaintiff and paid defendants $1,000, which they held for the use and benefit of plaintiff. On the issue of quality it was alleged that there were some damaged raisins delivered, but that plaintiff, at the time of the purchase, knowing the condition of the raisins, mixed the good with the bad and became responsible for his inability to market them.

Evidence was offered to show that a portion of the raisins sold to plaintiff had been delivered to the raisin association about two months prior to the date of the contract involved

in this action; that these raisins had been rejected by the association and that an oral release and consent was given to defendants to sell them outside of the association. It was also shown that plaintiff personally inspected the raisins before the sale and requested defendants to mix the wet with the dry; that he then indorsed upon the contract the words "All inspected" and accepted delivery at the place designated. When he was informed at the packing-house that the raisins could not be stemmed at a profit he gave defendants written notice of rescission of the contract and had the raisins placed outside of the packing-house to be held at the risk and disposal of defendants. An agent of the raisin association had them removed to the association's packing-house and paid the defendants $1,000, which sum they deposited in court for the use of plaintiff.

The trial court held that defendants were the sole owners of the raisins and that the raisin association did not have paramount or any title to them when sold to plaintiff. This finding is attacked on the ground that it is not supported by the evidence. We have referred to some evidence supporting this finding and this is sufficient particularly when plaintiff has failed to show any evidence which would require a different finding. ▆ He has referred to a portion of the contract between defendants and the raisin association, but he has not printed the contract in his record on appeal. We must assume that the trial court had the entire contract before it and, with no showing to the contrary, we will assume that the court properly construed its terms.

▆ It is argued that the trial court erred in finding that appellant should not have yielded possession to the raisin association without legal proceedings. It would make no difference if the finding were not supported by the evidence as it was not essential to the judgment. Title passed to appellant on delivery to the packing-house at his request. What occurred thereafter was a matter between appellant and the raisin association, for which respondents were in no way responsible.

▆ It appears from the record that appellant bargained for the purchase of the raisins after he had fully inspected them and found some to be wet and of inferior grade; that after the delivery he discovered that he had made a poor

bargain and gave written notice of rescission on the ground of breach of warranty of quality; that he then permitted the raisin association to take possession (at his own instigation or, at least, without objection); and that he then elected to sue on the contract for breach of warranty of title. There was no fraud or misrepresentation on the part of respondents, but appellant received just what he bargained for. He has failed to show any ground upon which he can charge the subsequent loss of possession to respondents and his appeal is entirely without merit.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.